# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KENNETH B. YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-01605-JEO |
| JEFFERSON COUNTY, ALABAMA, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Before the court is defendant Jefferson County's second motion to dismiss plaintiff Kenneth Young's complaint. (Doc. 12). Young has submitted a brief in opposition to the motion. (Doc. 17). Upon consideration, the court concludes that the motion is due to be granted.

### I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In his complaint, Young alleges that he was arrested in Jefferson County, Alabama. (Doc. 1 ¶ 8). He received a suspended sentence and was placed on probation. (*Id.*) His suspended sentence included the requirement that he complete 240 hours of community service. (*Id.* ¶ 9). Young alleges that he completed the community service in a timely manner and that confirmation was sent to "the Judge assigned to [his] case." (*Id.* ¶ 11). However, his record was never updated to reflect that he had completed the community service requirement,

which caused Jefferson County to issue a warrant for his arrest. (*Id.* ¶ 13). Young was subsequently detained by the City of Hoover police department and then transferred to Jefferson County. (*Id.* ¶¶ 14-15). After spending six days in jail, during which time he was allegedly attacked by another inmate, Young was released from custody. (*Id.* ¶¶ 18-20). He then filed this action against Jefferson County, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and various state law claims.

After being served with the complaint, Jefferson County filed a motion to dismiss, arguing that Young's allegations of "constitutional violations by the Jefferson County Sheriff's Department and individual deputies are insufficient to support a claim of relief" against the County, which "has no authority or control over the Sheriff's Department." (Doc. 7 at 1, 3).

Young opposed Jefferson County's motion to dismiss, asserting that a "clear reading" of his complaint "reveals that there are currently no allegations of wrongdoing by the Jefferson County Sheriff's Department or any individual deputies." (Doc. 10 at 3). He explained that his claims "stem generally from Jefferson County, by and through its employees, officers and/or agents, failing to properly input [his] completion of probation requirements." (*Id.*)

Jefferson County replied to Young's response to its motion to dismiss. The County styled its reply as both a "reply" and a "second motion to dismiss." (Doc.

12).  Jefferson County argued that Young's allegations of "constitutional violations by court personnel are insufficient to support a claim of relief" against the County because it has "no authority or control over personnel serving the district and circuit courts."  (*Id.* at 1, 3).  Once again, the County moved the court to dismiss Young's complaint.  (*Id.* at 3).

Young moved to strike the County's reply and second motion to dismiss.  He argued that Jefferson County's second motion to dismiss, "raised in the form of a reply to [his] opposition" to the initial motion to dismiss, was "an entirely new argument couched as a new motion."  (Doc. 15 at ¶ 6).  He asserted that because this "new argument" was raised in Jefferson County's reply, it was improperly before the court and should be stricken.  (*Id.* at ¶¶ 7-9).

In light of Young's representation that he is not presently asserting any claims against the Jefferson County Sheriff's Department, the court denied the County's initial motion to dismiss, which was based entirely on the argument that the County has no authority or control over the Sheriff's Department. (Doc. 16).  The court did not, however, strike the County's second motion to dismiss.  Instead, the court afforded Young an opportunity to respond to the County's argument that it has no authority or control over the personnel who serve the district and circuit

courts. Young having filed his response (doc. 17), the County's second motion to dismiss is now ripe for decision.[1]

## II.   MOTION TO DISMISS STANDARD

Rule 12(b)(6), FED. R. CIV. P., authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "'issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)). In considering a motion to dismiss, the court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam).

Rule 12(b)(6) is read in light of Rule 8(a)(2), FED. R. CIV. P., which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[1] The court notes that Jefferson County did not file a reply to Young's response.

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III.   DISCUSSION

**A.    Claims Pursuant to 42 U.S.C. § 1983**

As noted above, Young has confirmed that his complaint contains "no allegations of wrongdoing by the Jefferson County Sheriff's Department" and that his claims "stem generally from Jefferson County, by and through its employees, officers and/or agents, failing to properly input [his] completion of probation requirements." (Doc. 10 at 3). The County asserts in its second motion to dismiss that it "has neither authority nor control over the policies and procedures or employees of the Jefferson County Clerk's Office or any Circuit Judge of the

Tenth Judicial Circuit." (Doc. 12 at 2). It argues, therefore, that it cannot be held liable under § 1983 and that Young's complaint is due to be dismissed. The court agrees with the County.

"[L]ocal governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir. 1998). Rather, "[a] local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" *Id.* at 1287 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)) (alteration in original). Consequently, "a county is liable only when the county's 'official policy' causes a constitutional violation." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In deciding whether a county is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997) (quoting *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Here, Young alleges in his complaint that "[d]ue to an error and/or oversight committed by a Jefferson County employee, officer, and/or agent, [his] record [was

not] updated properly to reflect the completion of his ordered community service." (Doc. 1 ¶ 13). He alleges that the County "ratified" this alleged "misconduct" by "[f]ailing to properly train, discipline, restrict and control its employees, officers and/or agents" and "[f]ail[ing] to perform ministerial acts of properly recording confirmation letters for the completion of community service programs." (*Id.* ¶ 23). Although Young does not identify the specific employee, officer, or agent who allegedly failed to update his record, it is apparent from his complaint as a whole and from his opposition to the County's second motion to dismiss that he is referring to someone serving in the Jefferson County court system, specifically someone in the circuit court clerk's office. He argues in his opposition that when "the employees within the courthouse" perform "ministerial acts such as receiving, distributing, and inputting mail," they are performing acts sanctioned by the County. (Doc. 17 at 6) (footnote omitted). He further argues that "it can reasonably be inferred that the clerk of court" has knowledge of how such acts are conducted and that it is "likely" that such acts "are handled differently by each individual county clerk …." (*Id.* at 6, 8).

In neither his complaint nor his opposition does Young identify the official who he contends speaks with "final policymaking authority" for the Jefferson County circuit court clerk's office. Presumably he contends it is the circuit court

7

clerk herself[2], given his assertion that ministerial acts such as inputting mail are likely handled differently by each individual county clerk. Under Alabama law, however, circuit court clerks (and other court employees) are state employees and circuit court clerks' offices are considered state agencies. Section 12-17-1 of the CODE OF ALABAMA provides that "[a]ll full-time county personnel … serving the district and circuit courts, other than sheriff's deputies and employees and building maintenance and security personnel, shall become employees of the State of Alabama on October 1, 1977." ALA. CODE § 12-17-1(a). Section 12-17-80 similarly provides that "[c]lerks and registers of the circuit court shall be paid by the state" and that "[e]mployees in the offices of the circuit clerks and registers, including employees serving district courts, shall be paid by the state …." ALA. CODE § 12-17-80. The Supreme Court of Alabama has confirmed that circuit court judges are state officers and that "[d]istrict judges, circuit clerks, registers and court employees" are also state officers and employees. *Jefferson County v. Swindle*, 361 So. 2d 116, 118 (Ala. 1978). In addition, at least two federal district courts in Alabama have noted that circuit court clerks' offices are state agencies under Alabama law. *See Foster v. Etowah County Clerk's Office*, Case No. 4:14-cv-0687-AKK-HGD, 2015 WL 4999667, *2 (N.D. Ala. Aug. 21, 2015) ("Under Alabama law, circuit court clerks' offices are considered state agencies." (citing

---

[2] The current Jefferson County circuit court clerk is Anne-Marie Adams.

ALA. CODE § 12-17-80)); *Cloy v. Boutwell*, Case No. 12-00718-KD-N, 2015 WL 225388, *8 (S.D. Ala. Jan. 16, 2015) (same).

Not only are Alabama circuit court clerks state, not county, employees, they are not policymakers with respect to the operation of their offices. In *Stegmaier v. Trammell*, 597 F.2d 1027, 1034-35 (5th Cir. 1979), the former Fifth Circuit analyzed Alabama's unified judicial system and concluded that "applicable Alabama constitutional and statutory provisions clearly reflect that policymaking decisions with regard to the operation of the Circuit Clerk's office in the Alabama unified judicial system are made by the Administrative Director of the Courts[3], not Circuit Clerks."[4] (footnote omitted).

Based on the foregoing, it is readily apparent that Jefferson County has no authority or control over the circuit court clerk's office. The Jefferson County circuit court clerk's office is a state agency; the circuit court clerk is a state employee; employees in the clerk's office are state employees; and policymaking decisions with regard to the operation of the clerk's office are made by the Administrative Director of the Courts, not by the circuit court clerk. Accordingly,

---

[3] The Administrative Director of Courts "shall serve as the ex officio head of the Department of Court Management and shall also be the head of the Administrative Office of Courts." ALA. CODE § 12-5-8.

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981).

Jefferson County cannot be held liable under § 1983 for the alleged error made by a court employee in failing to update Young's record to reflect his completion of his court-ordered community service.

In his opposition to Jefferson County's second motion to dismiss, Young argues that "ministerial acts such as receiving, distributing and inputting mail" can be deemed a Jefferson County "custom" and that "[l]ocal government liability attaches pursuant to a custom 'when a series of decisions by a subordinate official manifest[s] a "custom or usage" of which the supervisor must be aware.'" (Doc. 17 at 7-8) (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994) (internal quotation marks omitted)). As best as the court can discern, Young seems to be arguing that the error in failing to input the letter confirming his completion of his community service somehow manifests a County "custom" for which the County can be held liable. This confusing argument fails for at least two reasons.

First, all of the players who may have been involved in the alleged failure to properly perform the "ministerial act" of inputting Young's confirmation letter were state, not County, officers and employees. As discussed above, Alabama circuit court judges, district court judges, circuit clerks, registers, and court employees are all state officers and state employees. *See Swindle*, 361 So. 2d at

118. They are not "subordinate officials" or "supervisors" of Jefferson County, and their acts cannot create a County custom.

Second, even if the failure to input Young's confirmation letter could be attributed to a Jefferson County employee, Young's complaint does not contain sufficient factual matter to allow the court to draw the inference that the failure was part of a "series of decisions" manifesting a County custom. Young's complaint identifies a single instance where a criminal defendant's record was not updated to reflect his completion of court-ordered community service—his own experience. His complaint identifies no other similar instances and contains no other factual allegations that lend any support to his naked assertion that the County "instituted policies, customs, procedures and practices contrary to the United States Constitution, Alabama Constitution, and statutory laws." (Doc. 1 ¶ 26).

For all of the foregoing reasons, the court concludes that Young has failed to state a claim against Jefferson County under § 1983 and that all of his claims for alleged violation of his constitutional rights are due to be dismissed.

**B.    State Law Claims**

In addition to his claims under 42 U.S.C. § 1983, Young has asserted a variety of state law claims against Jefferson County, including false arrest and false imprisonment, negligent supervision, inadequate training, false light, negligence,

and invasion of privacy. (Doc. 1 ¶¶ 57-93). Because all federal claims in this case are due to be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, those claims are due to be dismissed and Young may reassert them in state court.

## IV. CONCLUSION

Based on the foregoing, Jefferson County's second motion to dismiss (doc. 12) is due to be granted and Young's complaint is due to be dismissed in its entirety. A separate order consistent with this opinion will be entered.

**DATED** this 8th day of August, 2016.

*/s/ John E. Ott*
_____
**JOHN E. OTT**
Chief United States Magistrate Judge